ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN OPINION REGARDING THE FOLLOWING QUESTION:
 DOES 74 O.S. 85.42(B) (1993) APPLY TO CONTRACTS BETWEEN STATE AGENCIES (INTER-AGENCY AGREEMENTS), AS DISTINGUISHED FROM THOSE BETWEEN STATE AGENCIES AND PRIVATE PARTIES?
BECAUSE THIS IS A REQUEST WHICH CAN BE ANSWERED BY INTERPRETATION OF THE STATUTORY LANGUAGE, THIS OFFICE HAS DETERMINED YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS ARE SOLELY THOSE OF THE UNDERSIGNED ATTORNEY.
TITLE 74 O.S. 85.42 (1993) READS, IN PERTINENT PART, AS FOLLOWS:
 "A. EXCEPT AS OTHERWISE PROVIDED FOR IN THIS SECTION, ANY AGENCY, WHETHER OR NOT SUCH AGENCY IS SUBJECT TO THE OKLAHOMA CENTRAL PURCHASING ACT, SECTION 85.1 ET SE. OF THIS TITLE, IS PROHIBITED FROM ENTERING INTO A SOLE SOURCE CONTRACT OR A CONTRACT FOR PROFESSIONAL SERVICES WITH OR FOR THE SERVICES OF ANY PERSON, WHO HAS TERMINATED HIS EMPLOYMENT WITH OR WHO HAS BEEN TERMINATED BY THAT AGENCY FOR ONE (1) YEAR AFTER THE TERMINATION DATE OF THE EMPLOYEE FROM THE AGENCY. THE PROVISIONS OF THIS SUBSECTION SHALL NOT PROHIBIT AN AGENCY FROM HIRING OR REHIRING SUCH PERSON AS A STATE EMPLOYEE.
 B. EACH CONTRACT ENTERED INTO BY ANY PERSON OR FIRM WITH THE STATE OF OKLAHOMA SHALL INCLUDE AN AFFIDAVIT CERTIFYING THAT NO PERSON WHO HAS BEEN INVOLVED IN ANY MANNER IN THE DEVELOPMENT OF THAT CONTRACT WHILE EMPLOYED BY THE STATE OF OKLAHOMA SHALL BE EMPLOYED TO FULFILL ANY OF THE SERVICES PROVIDED FOR UNDER SAID CONTRACT. THIS SUBSECTION SHALL NOT PRECLUDE FACULTY AND STAFF OF THE INSTITUTIONS WITHIN THE STATE SYSTEM OF HIGHER EDUCATION FROM NEGOTIATING AND PARTICIPATING IN RESEARCH GRANTS AND EDUCATIONAL CONTRACTS. NOR SHALL THIS SUBSECTION APPLY TO PERSONNEL OF THE CAPITAL RESOURCES DIVISION OF THE OKLAHOMA DEPARTMENT OF COMMERCE, WHO CONTRACT TO PROVIDE SERVICES IN THE OKLAHOMA CAPITAL INVESTMENT BOARD."
IN CONSTRUING A STATUTE, THE CARDINAL RULE IS TO ASCERTAIN THE INTENT OF THE LEGISLATURE BY CONSIDERING THE LANGUAGE OF THE STATUTE AS A WHOLE IN LIGHT OF ITS GENERAL PURPOSE. WOOD V. INDEPENDENT SCHOOL DIST. NO. 141 OF POTTAWATOMIE COUNTY, 661 P.2D 892 (OKLA.1983). A PLAIN READING OF 74 O.S. 85.42 ESTABLISHES THE LEGISLATURE'S INTENT TO AVOID THE EVILS OF "INFLUENCE PEDDLING" BY FORMER STATE EMPLOYEES. SEE A.G. OPIN. NO. 87-011. 74 O.S. 85.42(A) WAS ENACTED IN 1986 AND PROHIBITS ALL FORMER STATE EMPLOYEES AND OFFICIALS FROM ENTERING INTO PROFESSIONAL SERVICES CONTRACTS WITH ALL STATE AGENCIES FOR A PERIOD OF ONE YEAR. SECTION 74 O.S. 85.42(B) WAS ADDED IN 1992, AND CREATES AN ADDITIONAL PROHIBITION. WHEN CONTRACTING WITH THE STATE, THE CONTRACTOR MUST AFFIRM THAT NO ONE INVOLVED WITH THE DEVELOPMENT OF THE CONTRACT WHILE EMPLOYED BY THE STATE SHALL BE EMPLOYED TO FULFILL ANY OF THE SERVICES UNDER THE CONTRACT. THIS MAKES IT CLEAR THAT EVEN IF THE FORMER EMPLOYEE IS NOT THE ONE MAKING THE CONTRACT AND EVEN IF MORE THAN ONE YEAR HAS PASSED SINCE (S)HE WAS EMPLOYED BY THE STATE, IF THE PERSON WAS INVOLVED IN DEVELOPING THE CONTRACT, (S)HE CANNOT BE HIRED TO DO ANY WORK UNDER THE CONTRACT.
A.G. OPIN. NO. 87-011 CONTAINS THE FOLLOWING STATEMENT:
 "PART OF THE LEGISLATIVE PURPOSE OF 74 O.S. 85.42 (1986) IS TO PREVENT STATE EMPLOYMENT FROM BEING USED FOR FINANCIAL GAIN. THE LEGISLATURE HAS DETERMINED THAT RECENTLY TERMINATED STATE EMPLOYEES MIGHT POSSIBLY STILL EXERCISE THEIR INFLUENCE IN OBTAINING PROFESSIONAL SERVICES CONTRACTS EVEN AFTER THEIR TERMINATION. IT ALSO PREVENTS STATE EMPLOYEES AND OFFICIALS FROM FEATHERING THEIR NEST" BY SETTING UP SUCH CONTRACTS BEFORE THEY LEAVE STATE EMPLOYMENT AND IMMEDIATELY ENTERING INTO SUCH CONTRACTS AFTER THEIR TERMINATION. THE STATUTE IS CLEARLY DESIGNED TO PREVENT SUCH LESS THAN ARMS LENGTH TRANSACTIONS."
WHILE THIS ANALYSIS WAS DONE BEFORE 74 O.S. 85.42(B) WAS ENACTED, A READING OF THE STATUTE AS A WHOLE INDICATES THAT THIS IS STILL THE INTENT OF THE STATUTE. IT HAS MERELY BEEN STRENGTHENED BY THE ADDITION OF PART (B).
AN INTER-AGENCY AGREEMENT DOES NOT CONTAIN THE EVILS DESIGNED TO BE AVOIDED BY 74 O.S. 85.42. IN FACT, INTER-AGENCY COOPERATION IS ENCOURAGED. TITLE 74 O.S. 840.27 STATES THE FOLLOWING PUBLIC POLICY:
 "STATE AGENCIES, BOARDS, AND COMMISSIONS IN ALL BRANCHES OF STATE GOVERNMENT ARE DIRECTED TO PROVIDE, WHENEVER POSSIBLE, SUCH SERVICES AS SHALL BE REQUIRED BY OTHER ENTITIES OF STATE GOVERNMENT WITHOUT CHARGE; AND
 ALL ENTITIES OF STATE GOVERNMENT SHALL PROVIDE REQUIRED SERVICES ON A CONTRACTUAL BASIS WHEN IT IS NOT POSSIBLE TO PROVIDE SUCH SERVICES WITHOUT CHARGE."
CONSTRUING 74 O.S. 85.42 AS A WHOLE IN VIEW OF THE EVILS IT IS DESIGNED TO AVOID AND IN LIGHT OF THE ABOVE STATED POLICY, IT IS REASONABLE TO CONCLUDE THAT AGREEMENTS BETWEEN STATE AGENCIES ARE NOT COVERED BY THE PROHIBITIONS OF 74 O.S. 85.42(B).
IT IS THEREFORE THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL THAT 74 O.S. 85.42(B) (1993) DOES NOT APPLY TO AGREEMENTS ENTERED INTO BETWEEN STATE AGENCIES.
(MICHELLE STEPHENS)